**International Association of Firefighters v. Firemen's Civil Service Commission**

*Sidney A. Simon,* for plaintiff.

*John P. Campana,* for defendants.

WOOD, J., July 31, 1970.—This is an equity proceeding in which plaintiff seeks to enjoin the Firemen's Civil Service Commission from accepting applications for positions in the Williamsport fire department from persons who have not resided in the city for at least one year. Section 4 of the Act of May 31, 1933, P. L. 1108, 53 PS § 39864, provides that all applicants are required to have such prior residence.

Defendants have filed preliminary objections, demurring and asking for a more specific complaint.

## DISCUSSION

It is acknowledged that the Firemen's Civil Service Commission has accepted employment applications from nonresidents. Plaintiff alleges that it will suffer irreparable harm if employment of such persons is allowed to continue. The complaint filed by plaintiff does not specify the nature of the harm anticipated, but the president of the union testified that the harm foreseen includes:

1. A heavy influx of employes who will deprive men already employed of their bargaining strength, because they will be satisfied with lower wages.

2. A decrease of employe efficiency and dependability, particularly in emergency situations where the safety of fellow employes is a major personal responsibility.

3. A dilution of the strength of the Firemen's Civil Service Act by use of an employment practice contrary to one of the act's express provisions.

It is our opinion that plaintiff's complaint, as amplified by the testimony received, does not support either its claim to a protected right or its claim that irreparable harm will result from employment of nonresidents.

We find no support in the statute for the claim that an employe or a group of employes is entitled to a voice in the selection of additional employes. The major employe rights intended to be secured by the act, such as those relating to promotion, reinstatement, removal, appeal and reduction in numbers, cannot be affected by the employment of nonresidents. This is not to say that residents of a municipality who seek municipal employment do not have a right to the protection of the statutory provision concerned, though there is some uncertainty in light of the recent ruling of the United States District Court for the Middle District of Pennsylvania in the case of Michael Marchese v. Firemen's Civil Service Commission of the City of Williamsport, decided September 11, 1969. Whatever may develop in this regard, we do not think that persons already employed have such a right, or that the legislature intended they should.

There is an additional prerequisite to equitable relief which is absent in plaintiff's pleading and testimony. This is the requirement that there be a clear claim that specific harm will result if relief is refused. The harm which plaintiff forecasts will result if nonresidents are employed is not of sufficient substance to support its complaint. This is particularly true as to the complaint that the value of the Firemen's Civil Service Act to employes will be diluted if the proposed employment practice is allowed. We are confident that the crucial employe rights intended to be protected will not be so affected.

## ORDER

And now, July 31, 1970, defendant's preliminary objection demurring to plaintiff's complaint is sustained and the complaint is dismissed.